## SPENCER *v.* THE STATE.

1. The evidence warranted the verdict, and a new trial was properly denied.
2. Where one indicted for crime files a plea in abatement, on the ground that the only witness whose name appears on the "special presentment" was not legally sworn before the grand jury at the time of the witness's examination by that body, he must affirmatively establish the ground of his plea; otherwise it is not error for the court to direct a verdict against it.

Submitted March 20,—Decided May 10, 1906.

Indictment for unlawful sale of liquor.  Before Judge Mitchell. Brooks superior court.  February 22, 1906.

*W. S. Humphreys* and *J. D. Wade Jr.,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

BECK, J.  1. The assignments of error in the bill of exceptions in this case are to the overruling of the motion for a new trial and the direction of a verdict by the presiding judge against the defendant's plea in abatement; and the only ground of the motion for the new trial are the grounds that the verdict is contrary to law and the evidence.  The plaintiff in error, in undertaking to show wherein the verdict is contrary to the evidence, divided the general grounds into numerous subdivisions, specifying wherein the evidence failed to authorize the verdict, but, all of them considered, they amount to nothing more than the broad contention set forth in the usual grounds, that the verdict is contrary to the evidence. The approved brief of evidence in the case does not permit us to hold, however, with the plaintiff in error as to this ground of her motion.

2. Nor has her counsel convinced us that the exception to the direction of the verdict against her plea in abatement is meritorious.  The plea is in substance as follows: That the evidence on which the special presentment was found against the defendant was the testimony of one George McIntosh, "who testified without having had administered to him the regular lawful oath."  The evidence in support of the plea was that of the witness named, who testified (after repeating the substance of his evidence before the grand jury): "If I was sworn in there, I don't remember it.  I do not swear that I was not sworn.  It may be true that Mr. Price [the foreman of the grand jury] made me put my hand on the Bible, or hold up my right hand, and that he said to me that the

evidence that I would give the grand jury on that bill of indictment against Rosa Spencer would be the truth, the whole truth, and nothing but the truth, so help me God. I would not swear that he did not do that. I did not see any Bible. If he made me raise my right hand I do not remember it. I may have raised my right hand, and I may have taken hold of the Bible, but I do not remember it if I did." This was all of the evidence relative to the question as to whether the witness upon whose testimony before the grand jury this special presentment was based was "legally sworn" or not, and as the burden was upon the defendant of affirmatively showing this before she could ask that her plea in abatement be sustained, the court did not err in holding that there was no evidence which would have authorized the jury to find in favor of the plea.      *Judgment affirmed. All the Justices concur.*